SULLIVAN, Justice,
dissenting.
Justice Rucker has produced a scholarly and erudite recounting of the history of Article 8, Section 1, of the Indiana Constitution from which we will all benefit. Particularly interesting (and important) is the Court's account of the historical distinction between "free schools" and ... wherein tuition shall be without charge."
The Court holds that under Article 8, Section 1, the legislature has the power and authority to determine "what qualifies as a part of a uniform system of public education commanded by Article 8, Section 1 and thus what qualifies for funding at public expense." Op. at 492. This authority, according to the Court, includes the power to "place appropriate conditions or limitations on any such funding," such as textbook rental fees, and to authorize "fees or charges for what are otherwise public education cost items." Id. at 491, 492 & n. 12 (emphasis supplied).
And the Court determines that a school may assess a reasonable fee that is imposed absent specific statutory authority for those things "that are outside of or expand upon those identified by the legislature" as part of the constitutionally com *494 manded uniform system of public education. Id. at 492.
The Court goes on to conclude that the fee at issue here violates these principles because the costs it offsets are for items that the legislature has identified as public education cost items. But the trial court made the following findings of fact [13] with respect to these items:
13. EVSC imposed the Fee in order to balance its budget and so that EVSC could continue to offer programs that are not state-funded or state required and that enrich students' lives and to provide additional educational related options that do not hurt the integrity of EVSC's core curriculum....
17. The Fee proceeds are not used by EVSC to offset state mandated education, instruction, curriculum or service requirements....
20. The Fee proceeds are used solely by EVSC to contribute to the cost of personnel, or services or programs which are offered by EVSC in addition to those required by the Indiana General Assembly and/or Indiana State Board of Education....
App. at 20-21. Because the trial court found that the things for which the fee was imposed were things that, to use the Court's formulation, were "outside of or expand[ed] upon those identified by the legislature" as part of the constitutionally commanded uniform system of public education, I believe that even under the Court's construction of Article 8, Section 1, the fee was permissible.

. The plaintiffs do not contend that the evidence does not support these findings, only that they are erroneous conclusions of law. See Br. of Appellants at 19 n.15.